UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Krista Byrd, | ) | COMPLAINT |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Caliber Home Loans, Inc., | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by the Plaintiff, Krista Byrd, for actual and statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"), as well as compensatory and punitive damages for Defendant's violations of South Carolina common law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Krista Byrd, is a resident and citizen of the State of South Carolina, Marion County, and is over the age of twenty-one (21) years.

4. Defendant, Caliber Home Loans, Inc. (referred to hereinafter as "Caliber"), is a Delaware corporation and may be served with process through its registered agent, C T Corporation System, 2 Office Park Ct., Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Defendant has been doing business in the state of South Carolina and in this division.

## FACTUAL ALLEGATIONS

5. On or about June 5, 2013, Plaintiff originally executed a note and granted a mortgage on her home to Caliber Funding, LLC.

6. On or about September 27, 2016, Defendant was allegedly assigned the note and mortgage for collection. Said transfer was made after Plaintiff had defaulted upon the alleged debt.

7. Almost immediately after the transfer, Defendant began to make multiple harassing telephone calls to Plaintiff's cellular telephone in an attempt to collect the alleged debt. Defendant made several telephone calls per day to Plaintiff in an attempt to collect an alleged debt and said telephone calls were made with the intent to harass, coerce or annoy Plaintiff into paying an alleged debt.

8. From September, 2016, and continuing through at least August 2017, Defendant carried out a systematic campaign of harassment against Plaintiff by calling Plaintiff no less than two (2) times per day almost every day on her cellular telephone number in an attempt to collect an alleged debt.

9. Every call made by Defendant to Plaintiff was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiff into paying an alleged debt, and were made after Plaintiff made clear to Defendant that she wanted all telephone calls to stop.

10. The relentless telephone calls made by Defendant to Plaintiff invaded Plaintiff's privacy by not allowing her a moment of peace and causing her to live in fear. Plaintiff was forced to endure Defendant's constant harassment, evidencing the malicious, callous, and complete indifference on the part of Defendant.

11. All of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227. The automatic telephone dialing system was evidenced by the fact that Plaintiff continually picked up her telephone and spoke, but was met with only silence while the automatic telephone dialing system attempted to connect the auto-dialed call to a live operator.

12. Plaintiff never provided her cellular telephone number to Defendant, and certainly never consented for Defendant to call her on her cellular telephone number.

13. To the extent Defendant claims that Plaintiff provided consent for the telephone calls to her cellular telephone, Plaintiff specifically revoked any alleged consent in January 2017, when she specifically instructed Defendant to stop calling her on her cellular telephone.

14. In spite of Plaintiff's instructions to cease making telephone calls, Defendant elected to continue making harassing telephone calls to Plaintiff's cellular telephone.

15. In June, 2017, Defendant increased its telephone call frequency to Plaintiff. Each and every call made by Defendant to Plaintiff was made to Plaintiff's cellular telephone and was made after Plaintiff had specifically instructed Defendant to stop calling her cellular telephone.

16. The calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

17. Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A). To the extent that such consent was granted, said consent was expressly revoked by Plaintiff. Defendant knew, or should have known, that it was calling Plaintiff's cellular telephone number without express consent.

19. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

20. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

21. Plaintiff received notice that she was part of a class in which Defendant agreed to pay $2.8 million dollars to settle allegations that Defendant was making automatically dialed telephone calls to cellular telephones in violation of the TCPA. Plaintiff expressly opted out of said class prior to April 24, 2017, the provided "opt out" date.

**COUNT ONE**
**(Violation of the Telephone Consumer Protection Act)**

22. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 21 as if set forth fully herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

**COUNT TWO**
**(Violation of the Telephone Consumer Protection Act)**

25. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 24 as if set forth fully herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT THREE
### (Invasion of Privacy – Wrongful Intrusion into Private Affairs)

28. The Plaintiff adopts the averments and allegations of paragraphs 5 through 27 hereinbefore as if fully set forth herein.

29. South Carolina state law recognizes the Plaintiff's right to be left alone and to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff. *See Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 477 (S.C. 1999).

30. Defendant intentionally intruded upon the Plaintiff's right to privacy by repeatedly calling the Plaintiff to collect payment on an account. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

31. The actions of Defendant were malicious, intentional, and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy by wrongfully intruding into Plaintiff's private activities.

32. The conduct of Defendant in engaging in the systematic campaign of harassment as described herein demonstrates the Defendant's blatant and shocking disregard for Plaintiff's rights, and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

34. Additionally, as all of the acts undertaken and performed by Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from Defendant.

## **COUNT FOUR**
### **(Negligent Training and Supervision)**

35. The Plaintiff adopts the averments and allegations of paragraphs 5 through 34 hereinbefore as if fully set forth herein.

36. Defendant owed the Plaintiff a duty to properly train and supervise its employees to ensure compliance with state laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

37. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA and South Carolina law.

38. Defendant negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

39. As a result of the Defendant's negligence, the Plaintiff suffered fear, frustration, humiliation, loss of sleep, anxiety, worry, nervousness, physical sickness, headaches, physical and mental suffering, pain, and anguish for which she seeks compensatory damages.

## COUNT FIVE
**Reckless and Wanton Training and Supervision**

40. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 39 as if set forth fully herein.

41. Defendant owed the Plaintiff a duty to properly train and supervise its employees to ensure compliance with state laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

42. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the TCPA, and South Carolina law.

43. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

44. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and

mental suffering, pain, and anguish for which she seeks compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

B. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C. For compensatory and punitive damages in an amount to be determined by a struck jury for Defendant's invasion of privacy, negligent training and supervision, and reckless and wanton training and supervision;

D. For this matter to be heard by a jury; and

E. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
William K. Geddings, Fed ID No 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

                                            /s/ Penny Hays Cauley
                                            Of Counsel


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**
Caliber Home Loans, Inc.
C/o C T Corporation System- Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223